UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN VOISEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17 CV 2505 CDP |
| ADAMS & ASSOCIATES, INC., et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER OF REMAND**

This removed case is before me on plaintiff Kevin Voisey's motion to remand. Voisey previously worked at St. Louis Job Corps, an entity operated by defendant Adams & Associates, Inc. In August 2017, Voisey filed this action in a Missouri state court against Adams & Associates, its chief executive officer, and three Job Corps employees, alleging that they violated Missouri public policy and intended to cause injury when they terminated his employment in response to his whistleblowing activity of reporting criminal or other unlawful conduct by Job Corps staff members and employees. Invoking this Court's federal diversity jurisdiction, defendant Adams & Associates removed the case from state court on September 29, 2017, with consent of its CEO, co-defendant Roy Adams. Adams & Associates has not, however, met its burden of proving complete diversity of citizenship among all the parties. I will therefore grant Voisey's motion to remand.

District courts must "be attentive to a satisfaction of jurisdictional

requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). Because federal subject-matter jurisdiction involves a court's power to hear a case, it can never be waived. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Accordingly, federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, "even in the absence of a challenge from any party." *Id.*

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Here, defendant Adams & Associates invokes this Court's federal diversity jurisdiction as its basis for removal. Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

In removal cases, I must review the complaint or petition pending at the time of removal to determine the existence of subject-matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938). I may also look to the notice of removal to determine jurisdiction. 28 U.S.C. § 1446(c)(2)(A). The removing defendant, as the party invoking jurisdiction, bears the burden of proving by a preponderance of the evidence that all prerequisites to jurisdiction are satisfied. *In re Prempro*, 591 F.3d at 620; *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir. 2009). "[A]ll

doubts about federal jurisdiction must be resolved in favor of remand[.]" *Central Iowa Power*, 561 F.3d at 912.

In his state-court petition, Voisey identifies himself and the three Job Corps employee-defendants – namely, Redford Salmon, Michael W. Goodall, and Lydia Hendrix – as "residents" of the State of Missouri. In its notice of removal, Adams & Associates identifies itself and its CEO, defendant Roy Adams, as citizens of the State of Nevada and, based on Voisey's statement of his own residency in his petition, avers that Voisey is a citizen of the State of Missouri. Adams & Associates also avers that none of the three employee-defendants is a Missouri citizen, but does not identify any State of citizenship for them. In its notice, Adams & Associates contends that the diversity requirement is met in this case because the employee-defendants have not been "properly joined and served" and there exists "complete diversity of citizenship between Plaintiff and Adam & Associates and Mr. Adams[.]"[1]

In his motion to remand, Voisey contends that since the filing of his state-court petition, he has learned that none of the employee-defendants remain employed at Job Corps. He contends that he has also learned that defendant Goodall moved to Illinois, but that defendant Salmon continues to live in Missouri. Voisey has submitted a record from the Missouri Department of Revenue showing Salmon to have obtained a Missouri driver's license in August 2016, with his

---

[1] ECF #1, Notice of Removal at paras. 6, 16, 17.

address and residence listed in St. Louis, Missouri. As to defendant Hendrix, Voisey asserts his belief that she continues to reside in Missouri, but he does not know her whereabouts.

In response to Voisey's motion to remand, Adams & Associates submitted a declaration of the human resources manager for St. Louis Job Corps, declaring that Salmon's last known address listed in their records indicates a home address in Illinois. While the declarant makes no statement regarding defendant Hendrix, Adams & Associates avers in its brief that it believes Hendrix resides in Georgia. In sur-reply,[2] Adams & Associates submits the declaration of defendant Salmon, declaring that he was a resident and citizen of Illinois from December 2016 to June 2017; moved to Washington, D.C. in June 2017, where he is currently a resident and citizen; and has no plan to move back to Missouri. Adams & Associates makes no additional submission regarding the citizenship of defendant Hendrix. It argues, however, that Hendrix's citizenship is not "at issue" and that, regardless, the citizenship of any unserved employee-defendant is not relevant here because "non-served defendants are not considered in the diversity analysis."[3]

Defendant's argument about whether the employee-defendants have been "properly joined and served" is misplaced. It is the citizenship of the defendants,

---

[2] Because I am considering the arguments made and evidence submitted with this sur-reply, I am granting Adams & Associates leave to file it.

[3] ECF #17-1, Sur-Reply at p. 2, n.1; p. 4.

not whether they have been served, that determines whether diversity jurisdiction exists.

The basic requirement of 28 U.S.C. §1332(a)(1) that parties in diversity actions must be citizens of different States must not be confused with what is sometimes referred to as the "forum-defendant rule" under 28 U.S.C. § 1441(b)(2). *See Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981). Section 1441(b)(2) provides that "[a] civil action *otherwise removable* solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." (Emphasis added.) Where there is no complete diversity between the parties in an action, it cannot be "otherwise removable" under § 1332(a), regardless of whether or not service has occurred. "[T]he existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *Pecherski*, 636 F.2d at 1060 (quoting *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969)).

I may not ignore the citizenship of a defendant for the sole reason that the defendant was not served at the time of removal. "[T]he mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal." *Pecherski*, 636 F.2d at 1160. Accordingly, "in determining the propriety of removal based on diversity of citizenship, [I] must consider all named defendants, regardless of service." *Id.* at

1160-61.

That being said, I accept Voisey's concession that defendant Goodall is a citizen of Illinois, and the evidence submitted by Adams & Associates shows that defendant Salmon was a citizen of Washington, D.C. at the time of removal and continues to be. Adams & Associates has not demonstrated, however, that defendant Hendrix is not a citizen of Missouri. Its mere belief that Hendrix "resides" in Georgia, with nothing more, does not satisfy the jurisdictional requirement of complete diversity between plaintiff Voisey and this defendant. *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (a party's mere "residency" in a State does not establish its "citizenship" there). Adams & Associates' argument that Voisey has failed to provide any evidence of Hendrix's Missouri citizenship is unavailing since the burden is on the removing defendant to show by a preponderance of the evidence that all jurisdictional requirements are met. *In re Prempro*, 591 F.3d at 620. Nor do I accept Adams & Associates' argument that Voisey "waived" any argument challenging complete diversity. *Arbaugh*, 546 U.S. at 514.

Where a Missouri citizen sues a Missouri citizen, complete diversity of citizenship does not exist as required by 28 U.S.C. § 1332. On the information before the Court, I am not satisfied that this jurisdictional requirement is met. Accordingly, as the removing defendant, Adams & Associates has failed to demonstrate by a preponderance of the evidence that complete diversity of

citizenship exists among all parties in this action. Considering further that I must resolve all doubt in favor of remand, I find that remand is warranted in the circumstances of this case.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Adams & Associates, Inc.'s Motion for Leave to File Sur-Reply [17] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff Kevin Voisey's Motion to Remand [13] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of the City St. Louis, Missouri, from which it was removed.

**IT IS FURTHER ORDERED** that all pending motions are denied as moot and without prejudice to be refiled in the proper forum.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 8th day of November, 2017.